SIAMAK VAZIRI, ESQ. [SBN 242447]
MATTHEW M. TAYLOR, ESQ. [SBN 252556]
mtaylor@vazirilaw.com
AARON G. MILLER, ESQ. [SBN 279126]
amiller@vazirilaw.com
**VAZIRI LAW GROUP, APC**
5757 Wilshire Blvd., Ste. 670
Los Angeles, CA 90036
Telephone:  (310) 777-7540
Facsimile:   (310) 777-0373
Attorneys for Plaintiff, BOBBY WATKINS

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA , EASTERN DIVISION

| BOBBY WATKINS,<br><br>          Plaintiff,<br><br>     v.<br><br>AMAZON.COM SERVICES, INC., and DOES 1 to 50, inclusive,<br><br>          Defendants. | Case No.: 5:19-CV-02091-JWH-SHK<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PREMISES LIABILITY, NEGLIGENCE;**<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

     COMES NOW, Plaintiff BOBBY WATKINS (hereinafter "Plaintiff"), by and through his attorneys, Vaziri Law Group, APC, for his First Amended Complaint against Defendant AMAZON.COM SERVICES, INC., alleges, on knowledge as to their own actions, and otherwise upon information and belief as follows:

### JURISDICTION, VENUE

1. Plaintiff is a natural person who is a citizen of the State of California, County of

San Bernardino, and over the age of 18, at all relevant times.

2. Defendant AMAZON.COM SERVICES, INC. is a Delaware corporation, which Plaintiff is informed and believes has its principal place of business in Seattle, Washington. Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned in this complaint, Defendant AMAZON.COM SERVICES, INC. was and is now an active business entity doing business in the County of San Bernardino, State of California.

3. On July 25, 2019, Plaintiff filed a Complaint entitled *Bobby Watkins v. Amazon.com, Inc*. in the Superior Court of the State of California, County of San Bernardino, Case No. CIV DS 1921340.

4. On or about October 31, 2019, Defendant AMAZON.COM SERVICES, INC. removed this Action from the Superior Court of the State of California pursuant to 28 USC s. 1332, 1441, and 1446 (See ECF No. 1.) on the grounds of diversity of citizenship and because the amount in controversy exceeds $75,000.

5. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants, and DOES 1 to 50, inclusive, are unknown to Plaintiff who therefore sues such Defendants by fictitious names, but will amend this Complaint to show their true names and capacities when same have been ascertained. Plaintiff is informed and believe and thereon alleges that each of the Defendants herein designated as "DOE" is in some manner, and to some extent, legally responsible in some manner for the events and happenings herein referred to and caused injury and damage proximately to Plaintiff as herein alleged.

6. At all times mentioned herein, Defendants and DOES 1 through 50, and each of them, were the agents, servants, employees, successors in interest, and/or joint ventures of the remaining Defendants and DOES 1 through 50, inclusive, and each of them, and each was, as such, acting within the course, scope, and authority of said agency, employment, and/or venture.

7. Venue is proper in that all, or a substantial part, of the acts and omissions forming

the basis of the claims occurred in the Central District of California and, more specifically, at the premises on information and belief known as "SNA-7," located at or near 555 E. Orange Show Rd., San Bernardino, California, 92408.

8. At all times mentioned in this complaint, Defendants, and DOES 1 through 50 owned, managed, inspected, controlled, constructed, repaired, and/or operated the premises on information and belief known as "SNA-7," located at or near 555 E. Orange Show Rd., San Bernardino, California, 92408.

## FIRST CAUSE OF ACTION
## PREMISES LIABILITY
**[Against DEFENDANT AMAZON.COM SERVICES, INC. and DOES 1 through 50, Inclusive]**

9. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 8 above, as though fully set forth herein.

10. On July 30, 2017, Defendants and DOES 1 to 50, inclusive, and each of them, owned, maintained, controlled, managed, constructed, and/or operated the Premises known as "SNA-7," located at or near 555 E. Orange Show Rd., San Bernardino, California, 92408.

11. On July 30, 2017, Defendants and DOES 1 through 50 had a duty to Plaintiff to inspect, correct, repair, and/or maintain the Premises known as "SNA-7," located at or near 555 E. Orange Show Rd., San Bernardino, California, 92408, to be free of any hazardous, dangerous and defective conditions, including but not limited to slippery substances on walking surfaces.

12. On July 30, 2017, Defendants and DOES 1 through 50 and their respective agents and/or employees so negligently owned, controlled, supervised, managed, inspected, maintained, repaired, and/or constructed the Premises known as "SNA-7," located at or near 555 E. Orange Show Rd., San Bernardino, California, 92408, so as to allow hazardous, dangerous and defective conditions to exist, including but not limited to slippery substances on walking surfaces,

which when Plaintiff came into contact with the same on July 30, 2017, proximately caused the Plaintiff to *slip and fall*, proximately causing Plaintiff to sustain substantial injuries and related damages.

13. Defendants and DOES 1 through 50 failed to warn Plaintiff of the existing hazardous, dangerous and defective conditions, including but not limited to slippery substances on walking surfaces. Defendants and DOES 1 through 50 failed to inspect, maintain, and/or correct said conditions or in the alternative, secure and block off access to the immediate area where the dangerous conditions existed.

14. Plaintiff is informed and believes and thereon alleges that Defendants and DOES 1 through 50, inclusive, had actual and/or constructive notice of said dangerous conditions with sufficient time prior to Plaintiff's injury to have taken measures to protect against the dangerous conditions. Despite Defendants' actual and/or constructive notice of the unreasonably dangerous, defective and/or unsafe conditions, Defendants failed to so remedy, or in the alternative, repair or warn Plaintiff of such existing dangerous condition.

15. These dangerous, defective, and/or unsafe conditions created a reasonably foreseeable risk for the kind of injury that Plaintiff sustained.

16. That as a direct and proximate result of the acts and omissions of the Defendants, and each of them, Plaintiff has suffered severe injuries to his body and shock and injuries to his nervous system, all of which caused and continues to cause him severe pain and discomfort and Plaintiff is informed and believes and based upon such information and belief alleges that he will in the future suffer severe mental, physical and nervous pain and suffering, all to his general damage in a sum according to proof at the time of trial.

17. That as a direct and proximate result of the acts and omissions of the Defendants, and each of them, and injuries resulting there from, Plaintiff necessarily employed physicians and surgeons for medical examination, treatment, and care

of these injuries, and incurred medical and incidental expenses. Plaintiff will also have to incur additional like expenses in the future, all in amounts presently unknown to him. Plaintiff therefore asks leave of the court either to amend this complaint to show the amount of his medical expenses, when ascertained, or to prove that amount at trial.

18. That as a direct and proximate result of the acts and omissions of the Defendants, and each of them, and the injuries resulting there from, Plaintiff has been unable to carry out his usual occupation and will thereby suffer damages by reason of loss of income; that the exact and reasonable amount of said loss of income is unknown to Plaintiff, who will ask leave of the court either to show the amount of Plaintiff's lost earnings, when ascertained, or to prove that amount at trial.

## SECOND CAUSE OF ACTION
## NEGLIGENCE
**[Against DEFENDANT AMAZON.COM SERVICES, INC. and DOES 1 through 50, Inclusive]**

19. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 18 as though fully set forth herein.

20. On July 30, 2017, Defendants and DOES 1 to 50, inclusive, and each of them, owned, maintained, controlled, managed, constructed, and/or operated the Premises known as "SNA-7," located at or near 555 E. Orange Show Rd., San Bernardino, California, 92408.

21. On July 30, 2017, Defendants and DOES 1 through 50 had a duty to Plaintiff to inspect, correct, repair, and/or maintain the Premises known as "SNA-7," located at or near 555 E. Orange Show Rd., San Bernardino, California, 92408, to be free of any hazardous, dangerous and defective conditions, including but not limited to slippery substances on walking surfaces.

22. On July 30, 2017, Defendants and DOES 1 through 50 and their respective agents and/or employees so negligently owned, controlled, supervised, managed,

inspected, maintained, repaired, and/or constructed the Premises known as "SNA-7," located at or near 555 E. Orange Show Rd., San Bernardino, California, 92408, so as to allow hazardous, dangerous and defective conditions to exist, including but not limited to slippery substances on walking surfaces, which when Plaintiff came into contact with the same on July 30, 2017, proximately caused the Plaintiff to *slip and fall*, proximately causing Plaintiff to sustain substantial injuries and related damages.

23. That as a direct and proximate result of the acts and omissions of the Defendants, and each of them, Plaintiff has suffered severe injuries to his body and shock and injuries to his nervous system, all of which caused and continues to cause him severe pain and discomfort and Plaintiff is informed and believes and based upon such information and belief alleges that he will in the future suffer severe mental, physical and nervous pain and suffering, all to his general damage in a sum according to proof at the time of trial.

24. That as a direct and proximate result of the acts and omissions of the Defendants, and each of them, and injuries resulting there from, Plaintiff necessarily employed physicians and surgeons for medical examination, treatment, and care of these injuries, and incurred medical and incidental expenses. Plaintiff will also have to incur additional like expenses in the future, all in amounts presently unknown to him. Plaintiff therefore asks leave of the court either to amend this complaint to show the amount of his medical expenses, when ascertained, or to prove that amount at trial.

25. That as a direct and proximate result of the acts and omissions of the Defendants, and each of them, and the injuries resulting there from, Plaintiff has been unable to carry out his usual occupation and will thereby suffer damages by reason of loss of income; that the exact and reasonable amount of said loss of income is unknown to Plaintiff, who will ask leave of the court either to show the amount of Plaintiff's lost earnings, when ascertained, or to prove that amount at trial.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against all Defendants as follows:

(i) For economic damages including damages for past and future wage loss, past and future medical expenses, according to proof at trial;

(ii) For non-economic damages including damages for past and future pain and suffering, according to proof at trial;

(iii) For pre-judgment interest at the maximum legal rate;

(iv) For post-judgment interest at the maximum legal rate;

(v) For costs of suit herein incurred;

(vi) For such other relief that at the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in this action.

DATED: February 11, 2021        VAZIRI LAW GROUP, A.P.C


                                /s/ *Matt Taylor*
                                SIAMAK VAZIRI, ESQ.
                                MATTHEW TAYLOR, ESQ.
                                AARON G. MILLER, ESQ.
                                Attorneys for Plaintiff, BOBBY WATKINS